UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Associacao does Profissionais dos Correios,

Plaintiff,

-against-

The Bank of New York Mellon Corporation et al.,

Defendants.

25-CV-1711 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

A few months ago, the parties submitted dueling motions to compel discovery. However, in derogation of this Court's rules, those were not submitted as letter-motions seeking relief, and so the Court detected the filings only on a recent sweep of its 250+ case docket. Apparently this case also slipped through the cracks for the parties, as they never checked in on the status of their non-motion motions, nor did they seek to extend the discovery and motions schedule in this case. All water under the bridge.

The delay does give the parties a chance to meet and confer on their dueling discovery requests, and to narrow the issues in dispute. On plaintiff's requests, plaintiff should make clear to defendants what the scope of their requests is, and if they believe that defendants took an unduly narrow interpretation of those requests, they should clarify what that mis-interpretation was so that defendants can address it, so the Court doesn't have to sleuth it out. They should also make clear, in writing to defendants, precisely how they perceive the documents being relevant to the statute-of-limitations issue given the key dates at issue. As the Court previously observed, it isn't clear why any issues concerning concealment or estoppel are relevant here, given that defendants' argument is based on their contention that regardless of any concealment or estoppel, plaintiff had notice far earlier than plaintiff suggests. Finally, the scope of plaintiff's requests should be narrowed to what they really care about, and should be revised to avoid requests that will yield hundreds of names, including law firms and advisors that never will come into the picture.

On defendants' requests, by and large their requests seem reasonable on the statute of limitations issue before the Court, and plaintiff doesn't seem to have taken reasonable steps to have searched for and produced responsive documents. Plaintiff must actually run a comprehensive search for documents, not just ask somebody for a smattering of documents, and plaintiff must log any privileged documents, not just assert that it won't respond to a request because it might yield some privileged ones. On requests for admission, they should either be denied or admitted without any games being played in terms of caveats or constructions of the requests.

Bottom line, no games or subterfuge on either side. After meeting and conferring in good faith, **on or before August 18, 2026**, the parties should file a joint letter-motion with (1) a chart of each side's requests that are outstanding and haven't been resolved by agreement (with the actual text of the request); a brief explanation of the relevance of the information to the statute of limitations

issue (with a clear explanation of why concealment matters if defendants' argument is that plaintiff had prior notice); the receiving party's position in response (with no "constructions" of the request); and a space for the Court to fill in its ruling; and (2) any adjustments to the schedule moving forward that are warranted.

SO ORDERED.

Dated: August 5, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge