**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ASSOCIAÇÃO DOS PROFISSIONAIS DOS CORREIOS,

Plaintiff,

vs.

THE BANK OF NEW YORK MELLON CORPORATION,

Defendant.

Case No. 25-cv-01711-AS

**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING JOINT PROTOCOL FOR ESI AND DOCUMENT PRODUCTION**

**STIPULATION AND [PROPOSED] ORDER GOVERNING PRODUCTION AND USE OF ELECTRONICALLY STORED INFORMATION**

Plaintiff Associação Dos Profissionais Dos Correios ("ADCAP" or "Plaintiff") and Defendant The Bank of New York Mellon Corporation ("BNY" or "Defendant") (together, "ADCAP" and "BNY" are referred to as the "Parties"), by and through their undersigned counsel, hereby submit this proposed Joint Protocol for ESI and Document Production ("Protocol") for this Court's consideration and respectfully request that the Court enter an order approving the same.

**1. Cooperation:** The Parties will cooperate on issues relating to the identification, preservation, collection, search, review, production, integrity, and authentication of ESI. The Parties acknowledge that this Court emphasizes the importance of cooperative exchanges of information about ESI at the earliest stages of litigation and commit to working in good faith throughout this matter.

**2. Identification of ESI:** The Parties agree to meet and confer regarding the identification of potentially relevant ESI, the scope of collection, applicable search criteria, and other review parameters. This Stipulation does not define the scope of such parameters.

**3. General Format of Production:** With the exception of spreadsheet, audio, audiovisual, and video files that do not require redaction, all of which will be produced in native file format with the same metadata and text as described herein, all documents shall be produced in electronic image format with accompanying load files, text, and metadata files in the manner provided herein. Spreadsheet files requiring redaction may be redacted using native redaction software and produced in native format. Short message communications (*e.g.*, text messages or chat data) may be produced in RSMF format or the equivalent, to the extent practicable and not unduly burdensome, with all available metadata and attachments. The Parties shall meet and confer to attempt to resolve any problems related to the imaging or formatting of produced

documents. To the extent exceptions to the foregoing are required, the Parties will meet and confer to discuss alternative production requirements, concerns, or formats.

**4. Parent-Child Relationships**: The relationship between attachments to any parent document shall be preserved. "Attachments" (also known as "Children") and their "Parent" documents are a "Family" of documents. The parties agree that, to the extent consistent with the requests for production, if any part of a Family of documents is responsive, the entire Family will be produced, except to the extent any documents must be withheld or redacted on the basis of privilege, sensitive personally identifiable information ("PII"), or pursuant to foreign data privacy regulations. The parties will meet and confer about whether there is an appropriate basis for redacting or withholding a document for any reason other than privilege, PII, or foreign data privacy regulations. The Attachments will be produced sequentially after the Parent document. Any files in a family that must be withheld in their entirety for privilege or other applicable reason and where another document or series of documents in their family must be produced in full or with redactions, the withheld document or documents will either be redacted in full and produced or a slipsheet bearing only a Bates number, confidentiality designation, and text indicating that the file has been withheld will be produced in place of each such document, and the other portions of the family will be produced in their entirety. Any metadata associated with such withheld files may also be withheld to the extent the metadata also contains protected information.

**5. Email Threading:** Where multiple email messages are part of a single chain or "thread," a party is only required to produce or enter on a privilege log the most inclusive message ("Last In Time Email") and need not produce or log earlier, less inclusive email messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the Last In Time Email. Only email messages for which the parent document

and all attachments are contained in the Last In Time Email will be considered less inclusive email messages that need not be produced or logged.

**6. Document Image Format:** Except as provided in Paragraph 3 and Paragraph 16 herein, all production document images will be provided in a single-page, 300 DPI, Group IV TIFF format with load files. Images for documents created with office or personal productivity software (*e.g.*, word processing documents, spreadsheets, and presentations) shall include tracked changes, comments, hidden rows, columns or worksheets, speaker notes, and any other similar content that can be made visible with the application, to the extent available and practicable. Load files should be produced in an agreed-upon database format (*i.e.*, standard Relativity or Concordance-compatible *.dat format), with an agreed-upon image format (*i.e.*, Opticon*.opt) cross-reference file, together with the TIFF images. The file name of each TIFF image file shall be the corresponding Bates number of the page of the document portrayed, followed by the extension ".TIF" or ".TIFF". Color images shall be produced in single-page .JPEG format.

**7. Hard Copy Document Unitization:** Each page of a hard copy document shall be scanned or electronically saved into an image in accordance with Paragraph 5. If a document is more than one page, and to the extent practicable, the documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records), and the unitization of the document and any attachments and/or affixed notes shall be reflected in the load file referenced above in the Bates number fields set out in Exhibit A to the extent reasonably practicable. The parties will produce hard copy documents with OCR'd text.

**8. Bates Numbering and Native File Production:** Each page of a produced document shall be sequentially marked with a legible Bates number. Confidentiality designations, if needed or required, shall also be marked on each page of produced documents. Neither the Bates

numbering nor the confidentiality designation shall cover, obliterate, or obscure any other information on the document. For native files, a placeholder TIFF image marked with the Bates number and confidentiality designation and stating "File Produced Natively" shall be produced. The natively produced file shall be named to the corresponding Bates number (*e.g.,* ABC_01.xls) and may also be named to include any confidentiality designation (*e.g.*, ABC_01_CONFIDENTIAL.xls). For the avoidance of doubt, native files are not required to include a confidentiality designation in their file names to preserve the confidentiality of the native file. Bates numbers, confidentiality designations, and redactions (to the extent they are necessary) should be burned into the image.

**9. Document Production:** Documents produced in these actions, or subsequently provided to any third parties pursuant to the [Stipulation and Protective Order regarding Confidential Discovery Material], shall be produced or provided via a secure encrypted electronic file transfer or file sharing system (*e.g.*, FTP site). To the extent it is not practicable to produce or provide documents via secure electronic file transfer system, documents shall be produced or provided in encrypted format on a CD, single density DVD, a flash drive, or external hard drive. With respect to document productions, the disk or drive label shall contain the case name, the name of the party making the production, the range of Bates numbers for the documents contained in that production, the volume number of the production, and the date of the production.

**10. Metadata:** For native files and images generated from native electronic documents, the Parties shall provide the metadata corresponding to the fields set forth in Exhibit A, where available and practicable and not subject to a claim of privilege or privacy, in the accompanying Load File. To the extent reasonably available and accessible, each of the metadata and coding fields set forth in Exhibit A that can be extracted from a document shall be produced for that document.

The Parties are not obligated to populate manually any of the fields in Exhibit A if such fields cannot be extracted from a document, with the exception of the following: (1) BEGBATES; (2) ENDBATES; (3) BEGBATESATT; (4) ENDBATESATT; (5) All Custodians; (6) Native File fields; (7) File Type (which may be populated by the party or the party's E-Discovery vendor); (8) CONFIDENTIALITY (which may be populated by the party or the party's E-Discovery vendor); and (9) REDACTED (which may be populated by the party or the party's E-Discovery vendor). Parties will make good faith efforts to ensure that ESI items are processed in a manner that preserves the source native file and metadata without modification, including time, date and time-zone metadata, except that ESI may be processed in the time zone(s) in which it was collected or in UTC. To the extent available and practicable, ESI items shall be processed in a manner that maintains and displays hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes and comments.

**11. OCR/Extracted Text:** Each Party shall produce corresponding document level text files (*.txt files)—extracted text if available in the native file, or Optical Character Recognition ("OCR") for documents with no extractable text and for redacted documents—for all produced documents. The OCR/extracted text files shall be provided in a manner suitable for importing the information into commercially available document management or litigation support software (*i.e.*, Relativity or Concordance). OCR/extracted text files shall be provided in Text file format with individual files corresponding to each document. The file name of each extracted or OCR text file shall be the Bates number of the image of the first page of the corresponding document, followed by the extension ".txt."

**12. Color:** Documents need not be produced in color. Each Party shall honor reasonable and specific requests for the production of color image(s) of documents produced in

black and white.

**13. Duplicates**: Each Party may remove exact duplicate documents (*i.e.*, identical copies of the same document family based on the MD5, SHA-1 or SHA-256 hash value of the documents. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. Stand-alone versions of documents may not be eliminated if a duplicate version is attached to a parent. The Parties may also de-duplicate data across custodians. To the extent that it can be determined from an automated process that multiple individuals possessed copies of a duplicate email or other electronic document, all such individuals shall be identified in a separate "All Custodians" metadata field. To the extent emails or other electronic documents are de-duplicated, the Parties agree to preserve the source information, to the extent such information is reasonably accessible or available, for each custodian in whose files the duplicate document originally resided, and that such information will be securely retained and made available for inspection upon reasonable request. Other than using standard discovery tools and methodologies, including but not limited to hash-value global deduplication and industry-standard de-NISTing of files, the parties shall meet and confer to disclose and discuss any other proposed use of technologies or methodologies that would de-duplicate or reduce the reviewable collection or production.

**14. Native Versions of Electronic Documents:** The Parties shall, upon reasonable request, make native versions of any non-privileged and unredacted electronic document produced in TIFF format available for inspection by the requesting Party.

**15. Non-Convertible Files:** Certain types of files, such as system, executable, and program files, including those as defined by the NIST library (http://www.nsrl.nist.gov/), commonly used by e-discovery vendors to exclude system and program files from document

review and production, need not be processed, reviewed, or produced. Additional files may be added to the list of excluded files by agreement of the parties.

**16. Privilege Logs:** For documents entirely withheld from production pursuant to a claim of attorney-client privilege, work product protection, or other applicable privilege or immunity, the producing party shall produce privilege logs in Excel, PDF, or a similar electronic form. The parties agree to meet and confer to negotiate the format of the privilege log, including whether metadata logs are appropriate, and whether certain categories of documents need not be logged. The parties agree to negotiate a reasonable schedule for exchanging privilege logs after the last document production. After exchanging privilege logs, if the receiving party requires further information, it shall explain in writing the need for such information and identify, by Bates number or other unique identifier, each document for which it seeks this information. Within thirty (30) days of such a request, the producing party must either (i) provide the requested information or (ii) challenge the request. If a party challenges a request for further information, the parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the parties may seek the Court's assistance in resolving the dispute in accordance with the Court's procedures, but only after a good faith effort to resolve the dispute and an agreement that the parties are at an impasse.

**17. Processing of Third-Party Documents**: The party that issues a non-party subpoena ("Issuing Party") shall include a copy of this ESI Stipulation with the subpoena and request that the non-party produce Documents and ESI in accordance with the specifications set forth herein. If an Issuing Party issued a non-party subpoena prior to the execution of this ESI Stipulation, that Issuing Party shall promptly forward a copy of this ESI Stipulation to the non-party and request that the non-party produce Documents and ESI in accordance with the

specifications set forth herein. The Issuing Party is responsible for producing to all other Parties any Documents and/or ESI obtained pursuant to a subpoena. If a non-party refuses to produce Documents and/or ESI in accordance with the specifications set forth here, the Issuing Party has no obligation to conform the non-party's production to such specifications. Nothing in this ESI Stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties. Notwithstanding this ESI Stipulation, the Parties retain the right to object to a subpoena being issued to a non-party, or to pursue judicial relief seeking to compel other Parties or non-parties to conform their production in accordance with the specifications set forth herein.

**18. Limitations and Non-Waiver:** Nothing in this Stipulation shall be interpreted to require disclosure of information protected by attorney-client privilege, work product protection, a prohibition against disclosure under applicable law, or any other privilege or immunity, or information that is confidential supervisory information or Foreign Private Data. All documents produced according to the requirements of this Stipulation are also governed by the [Stipulation and Protective Order Regarding Confidential Discovery Material] (the "Protective Order") to be entered by the Court in this Litigation and incorporated herein by reference. Nothing in this Stipulation establishes any agreement as to either the temporal or subject matter scope of discovery in the Action. Nothing herein is intended to, nor shall be construed to, diminish or otherwise affect any Party's discovery obligations under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, the individual rules of Judge Subramanian, or any other applicable law, rule, or order, as the case may be.

**19. Obligation to Meet and Confer:** The Parties shall meet and confer regarding the production of any type of document or data that is not addressed in this Stipulation.

**20.** **Scope:** This Stipulation shall apply to all Parties that are required to make any production of ESI in the Litigation. This Order shall continue in full force and effect until further order of the Court or until the Litigation are terminated by a final judgment.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 19, 2026
New York, New York

Respectfully submitted,

*/s/Joshua D. Rievman*
Joshua D. Rievman
DUNNING RIEVMAN & MACDONALD LLP
1350 Broadway, Suite 2120
New York, New York 10018
(O) +1 (646) 435-0027
(M) +1 (917) 922-7988
jrievman@drmlaw.com

*Attorney for Plaintiff Associação Dos Profissionais Dos Correios*

*/s/Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
Katherine M. MacAdam
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2000
F: (212) 225-3999
jrosenthal@cgsh.com
kmacadam@cgsh.com

*Attorneys for Defendant The Bank of New York Mellon Corporation*

## ATTACHMENT A: Production Fields for ESI

| ***Field*** | ***Definition Type*** |
|---|---|
| *CUSTODIAN* | Name of person or other Data source (non-human) from where Documents/files are produced. |
| *BEGBATES* | Beginning Bates Number (production number) |
| *ENDBATES* | End Bates Number (production number) |
| *PGCOUNT* | Number of pages in the Document |
| *FILESIZE* | File Size |
| *APPLICAT* | Commonly associated application for the specified file type. |
| *FILEPATH* | Original file/path of the location where the item was located at the time of collection. This should include location, file name, and file extension. |
| *FILENAME* | Original file name at the point of collection |
| *NATIVEFILELINK* | For Documents provided in Native Format only |
| *TEXTPATH* | File path for OCR or Extracted Text files |
| *MSGID* | Email system identifier assigned by the host email system. This value is extracted from parent message during processing |
| *FROM* | Sender |
| *TO* | Recipient |
| *CC* | Additional Recipients |
| *BCC* | Blind Additional Recipients |
| *SUBJECT* | Subject line of email |
| *ATTACHBATES* | Bates number from the first page of each attachment |
| *BEGATTACH* | First Bates number of family range (i.e. Bates number of the first page of the parent email) |
| *ENDATTACH* | Last Bates number of family range (i.e. Bates number of the last page of the last attachment) |
| *ATTACHCOUNT* | Number of attachments to an email |
| *DATETIMESENT (mm/dd/yyyy hh:mm:ss)* | Date Sent |

| | |
|---|---|
| *DATETIMERCVD (mm/dd/yyyy hh:mm:ss)* | Date Received |
| *TIMEZONE* | The time zone the data was processed in |
| *HASHVALUE* | MD5 Hash Value |
| *TITLE* | Title provided by user within the Document |
| *AUTHOR* | Creator of a Document |
| *DATETIMECRTD (mm/dd/yyy hh:mm:ss AM)* | Creation Date |
| *DATETIMELASTMOD (mm/dd/yyy hh:mm:ss AM)* | Last Modified Date |
| *DocumentType* | Descriptor for the type of Document: **"E-document"** for electronic Documents not attached to emails; **"Email"** for all emails; **"E-attachment"** for files that were attachments to emails; and **"Physical"** for hard copy physical Documents that have been scanned and converted to an electronic image. |
| *Redacted* | Descriptor for Documents that have been redacted. "Yes" for redacted Documents; "No" for un-redacted Documents. |
| *Confidentiality* | Confidentiality treatment if assigned pursuant to any applicable protective order or stipulation. |
| *AllCustodians* | Custodians of unproduced duplicate Documents. Multiple values separated by semi-colons. |

**ATTACHMENT B: Production Fields for Hard-Copy Documents**

| *Field* | *Definition Type* | *Document Type* |
|---|---|---|
| *CUSTODIAN* | Name of person or other Data source (non-human) from where Documents/files are produced. | Hard-Copy |
| *BEGBATES* | Beginning Bates Number (production number) | Hard-Copy |
| *ENDBATES* | End Bates Number (production number) | Hard-Copy |
| *PGCOUNT* | Number of pages in the Document | Hard-Copy |
| *Confidentiality* | Confidentiality treatment if assigned pursuant to any applicable protective order or stipulation. | Hard-Copy |
| *Document Type* | **"Physical"** for hard copy physical Documents that have been scanned and converted to an electronic image. | Hard-Copy |
| *Redacted* | Descriptor for Documents that have been redacted. "Yes" for redacted Documents; "No" for un-redacted Documents. | Hard-Copy |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on October 19, 2026, which caused an electric copy of this document to be served on all counsel of record in this matter.

*/s/Jeffrey A. Rosenthal*

Jeffrey A. Rosenthal
Katherine M. MacAdam
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2000
F: (212) 225-3999
jrosenthal@cgsh.com
kmacadam@cgsh.com

*Attorneys for Defendant The Bank of New York Mellon Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ASSOCIAÇÃO DOS PROFISSIONAIS DOS CORREIOS,

Plaintiff,

vs.

THE BANK OF NEW YORK MELLON CORPORATION,

Defendant.

Case No. 25-cv-01711-AS

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Order Regarding Joint Protocol for ESI and Document Production.

IT IS SO ORDERED.

DATED: October 20, 2026

The Honorable Arun Subramanian
United States District Judge