**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ASSOCIAÇÃO DOS PROFISSIONAIS DOS CORREIOS,
Plaintiff,
vs.

THE BANK OF NEW YORK MELLON CORPORATION,

Defendant.

25-cv-01711-AS

~~[PROPOSED]~~ PROTECTIVE ORDER

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a. previously non-public financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed proprietary information, including but not limited to business plans, product development information, marketing plans, personnel-related information, research information, or commercial information or trade secrets not otherwise disclosed to the public;

d. sensitive personal information such as an individual's medical records, social security numbers, familiar information, personnel files, or tax returns;

e. any information of a personal or intimate nature regarding any individual; or

f. previously nondisclosed material created by a third-party that is subject to a pre-existing confidentiality agreement between the creator and the producing party; or

g. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person

or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought in the United States by one of the Parties to this litigation.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action, including their employees, agents, and representatives;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

   d. as to any document, its author, its addressee, and any other person indicated

on the face of the document as having received a copy;

e. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action (but not before such time as such trial or deposition testimony is reasonably imminent), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel specifically in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. court reporters, recorders, and videographers engaged for depositions;

h. the Court and its support personnel; and

i. other persons only upon consent of the Producing Party and on such conditions as the Parties may agree.

7. The parties will use their best efforts to ensure Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, are filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney-work-product protection, or any other applicable privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall

not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return, destroy or sequester all copies of the Inadvertently Disclosed Information, and make reasonable efforts to return, destroy or sequester all work product (including document coding) quoting or referring to Inadvertently Disclosed Information and provide a certification of counsel that all Inadvertently Disclosed Information has been returned, destroyed or sequestered and reasonable efforts have been made to return, destroy or sequester all work product (including document coding) quoting or referring to Inadvertently Disclosed Information.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned, destroyed or sequestered, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. A Receiving Party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information must so notify the Designating Party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of

the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order and deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

17. Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all persons having received documents designated as containing Confidential Information shall make reasonable efforts to identify and destroy all such documents, including all copies thereof and information derived therefrom, or return such materials to counsel for the Producing Party. In either event, on or before the thirty-day deadline, the Receiving Party shall certify its return or destruction of all Confidential Information by submitting a written certification to the Producing Party that affirms, to the best of the Receiving Party's knowledge after undertaking commercially reasonable efforts, that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. For the avoidance of doubt, U.S. counsel for the Parties

may retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) as long as counsel maintain its confidentiality. Good faith reasonable efforts to return or destroy material need not include destroying Confidential Discovery Material residing on back-up tapes or other disaster recovery systems, so long as the person who has received such Confidential Discovery Material maintains the confidentiality of such material.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: October 19, 2026
New York, New York

Respectfully submitted,

*/s/Joshua D. Rievman*
Joshua D. Rievman
DUNNING RIEVMAN & MACDONALD LLP
1350 Broadway, Suite 2120
New York, New York 10018
(O) +1 (646) 435-0027
(M) +1 (917) 922-7988
jrievman@drmlaw.com

*Attorney for Plaintiff Associação Dos Profissionais Dos Correios*

*/s/Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
Katherine M. MacAdam
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2000
F: (212) 225-3999
jrosenthal@cgsh.com
kmacadam@cgsh.com

*Attorneys for Defendant The Bank of New York Mellon Corporation*

**SO ORDERED.**

Dated: October 20, 2026

ARUN SUBRAMANIAN, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ASSOCIAÇÃO DOS PROFISSIONAIS DOS CORREIOS,
Plaintiff,

vs.

THE BANK OF NEW YORK MELLON CORPORATION,

Defendant.

25-cv-01711-AS

**NON-DISCLOSURE AGREEMENT**

I,_________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ___________________ ____________________________________